IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE,<br><br>    Plaintiff,<br><br>v.<br><br>LASERTOUCH SOHO LLC and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1:24-cv-5837<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE ("Trunk Archive"), by and through its undersigned counsel, brings this Complaint against Defendants LASERTOUCH SOHO LLC and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

## PARTIES

2.  Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 433 Broadway, Suite 420, New York, New York 10013.

3.  Upon information and belief, LASERTOUCH SOHO LLC ("LaserTouch") is a New York corporation duly organized and existing under the laws of New York and doing business as LaserTouch Soho. Defendant is or has operated a business location in New York at 150 Spring Street, Floor 2, New York, New York 10012

4.  The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such

fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this Complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in the State of New York, Defendant is doing business in the State of New York, and Defendant's acts of infringement complained of herein occurred in the State of New York, including this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant or its agent resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

*Plaintiff Great Bowery, Inc. d/b/a Trunk Archive and Photographer Jem Mitchell*

9. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

10. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

11. One of Trunk Archive's many prominent portrait photographers is Jem Mitchell ("Mitchell").

12. Mitchell is a highly successful fashion, beauty, and portrait photographer.

13. Mitchell licenses his work for a fee. Mitchell's portfolio includes clients such as Victoria Beckham, Sarah Jessica Parker, Burberry, Pantene, Wella, Nike, and Maybelline, and Mitchell's work has been featured in top magazines and advertising such as *VOGUE China, VOGUE Japan, VOGUE Turkey, GQ, and GQ Style*.

14. Mitchell's livelihood depends on receiving compensation for the works he produces, and the copyright protection afforded to his work is intended to deter would-be infringers from copying and profiting from his work without permission.

15. Mitchell is the sole author and exclusive rights holder to a close-up photograph of model with a clay mask applied to her face that has dried and is cropped to show only her eyes, nose, and mouth ("Mitchell Photograph").

16. Attached hereto as Exhibit A is a true and correct copy of the Mitchell Photograph.

17. Mitchell registered the Mitchell Photograph with the File Name TRU1933372 with the United States Copyright Office under Registration Number VA 2-254-636 with an effective Registration Date of May 27, 2021.

18. Attached as Exhibit B is a true and correct screenshot of Registration Number VA 2-254-636 showing File Name TRU1933372 taken from the United States Copyright Office's online Public Catalog and found at https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=VA0002254636&Search_Code=REGS&PID=3NtVhpAvZ6Jiz5Qu7XuyH6CW0eA&SEQ=20240731124221&CNT=25&HIST=1.

19. Mitchell subsequently granted Trunk Archive the exclusive right to license the Mitchell Photograph.

### *Defendant LaserTouch Soho LLC*

20. Defendant LaserTouch is a specialty destination for medical aesthetics and wellness treatments such as Botox; fillers; skin rejuvenation; body contouring; breast augmentation; face, neck, and eye lifts; tummy tucks; treatments for weight loss and hair removal.

21. Defendant LaserTouch maintains an Instagram page at https://www.instagram.com/studiomd__/ under the handle @StudioMD_ ("StudioMD Instagram Page").

22. Attached as Exhibit C is a true and correct screenshot of the StudioMD Instagram Page, including links for potential clients to book appointments.

23. Upon information and belief, Defendant LaserTouch generates content on the StudioMD Instagram Page to attract user traffic, promote its services, and increase its customer base and revenue for the company.

24. At all relevant times, the StudioMD Instagram Page was readily accessible to the general public throughout New York, the United States, and the world.

25. At all relevant times, Defendant LaserTouch had the ability to supervise and control the content on the StudioMD Instagram Page.

26. At all relevant times, Defendant LaserTouch had a direct financial interest in the content and activities of the StudioMD Instagram Page (including the activities alleged in this Complaint).

### *Defendant LaserTouch Soho, LLC's Willful, Unauthorized Use*
### *of the Mitchell Photograph*

27. On or about February 23, 2021, Trunk Archive discovered the Mitchell Photograph being used by Defendant LaserTouch on the StudioMD Instagram Page in a post, dated November 28, 2021, to promote its hydrofacial services and directing the StudioMD Instagram Page user to "Book my Hydrofacial at StudioMD" because "Winter is coming soon." ("Instagram Post").

28. Attached hereto as Exhibit D is a true and correct screenshot of the Mitchell Photograph as used on the StudioMD Instagram Page in the Instagram Post.

29. Neither Trunk Archive nor Mitchell granted Defendant LaserTouch a license, permission, or authorization to use, make a copy of, or publicly display the Mitchell Photograph on the StudioMD Instagram Page or in the Instagram Post.

30. Trunk Archive is informed and believes Defendant LaserTouch (including Defendant LaserTouch's employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Mitchell Photograph and caused it to be uploaded to and displayed on the StudioMD Instagram Page.

31. Trunk Archive is informed and believes that the purpose of the use of the Mitchell Photograph on the StudioMD Instagram Page was to provide high-quality and aesthetically pleasing content congruent with Defendant LaserTouch's marketing goals.

32. Trunk Archive is informed and believes that the purpose of the use of the Mitchell Photograph in the Instagram Post was to promote and encourage sales of StudioMD's hydrofacial services by (1) providing a high-quality, professionally-produced photograph of a woman with a clay mask applied to her face to assist the viewer in visualizing LaserTouch's hydrofacial service, and (2) elevating the textual content of the Instagram Post with a professionally-produced visual element.

33. Trunk Archive is informed and believes Defendant LaserTouch (including its employees, agents, contractors or others over whom it have responsibility and control) used, displayed, published, and otherwise held out to the public Mitchell's original and unique Mitchell Photograph for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of LaserTouch's services from use of the Mitchell Photograph.

34. After discovering the unauthorized use of the image, Trunk Archive, through previous counsel, sent cease, desist and demand correspondence, in March 2022, via

email to Defendant LaserTouch at customer@lasertouchsoho.com in an attempt to resolve this matter.

35.   No one from Defendant LaserTouch responded.

36.   Upon information and belief, Defendant LaserTouch's use of the Mitchell Photograph is willful because *inter alia,* Defendant LaserTouch knew, or should have known, it did not have permission or a legitimate license to use the Mitchell Photograph on the StudioMD Instagram Page.

37.   In addition, Defendant's use of the Photographs is willful because Defendant LaserTouch was sent notice in March 2022 that it was not authorized to use the Mitchell Photograph, and Defendant LaserTouch did not respond to the correspondence and continued to use the Mitchell Photograph.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

38.   Trunk Archive  incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.   Mitchell owns a valid copyright in the Mitchell Photograph.

40.   Mitchell registered the Mitchell Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

41.   Defendant LaserTouch (including its employees, agents, contractors or others over whom it has responsibility and control) copied and displayed Mitchell's unique and original Mitchell Photograph without Trunk Archive's or Mitchell's consent or authorization in violation of 17 U.S.C. § 501.

42.   Trunk Archive is informed and believes and thereon alleges that Defendant LaserTouch willfully infringed upon Mitchell's rights in Mitchell's copyrighted Mitchell Photograph in violation of Title 17 of the U.S. Code.

43. As a result of Defendant LaserTouch's violations of Title 17 of the U.S. Code, Trunk Archive has sustained significant injury and irreparable harm.

44. As a result of Defendant LaserTouch's violations of Title 17 of the U.S. Code, Trunk Archive is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Trunk Archive's election, statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant LaserTouch's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant LaserTouch as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

46. Trunk Archive is also entitled to injunctive relief to prevent or restrain infringement of Mitchell's copyrights pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant LaserTouch as follows:

- For a finding that Defendant LaserTouch infringed Mitchell's copyright interest in the Mitchell Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all profits attributable to the infringement as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Trunk Archive's election, an award for statutory damages against Defendant LaserTouch in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation pursuant to 17 U.S.C. § 505;

- For reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant LaserTouch from further infringement of all of Mitchell's copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 1, 2024						Respectfully submitted,

							**/s/ Taryn Rose Murray**
							Taryn Murray, Esq.
							SDNY#5888896
							**HIGBEE & ASSOCIATES**
							3110 W. Cheyenne, Suite 200
							North Las Vegas, NV 89032
							(714) 617-8350
							(714) 597-6729 facsimile
							tmurray@higbee.law
							*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Great Bowery, Inc. d/b/a Trunk Archive, hereby demands a trial by jury in the above matter.

Dated: August 1, 2024              Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Murray, Esq.
SDNY#5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*